## 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

### City of Staunton v. Stout's Ex'ors.

September 26th, 1889.

1. Appellate Jurisdiction—*Franchises.*—Where there is drawn in question a franchise, or the rights of a corporation to levy taxes, the case is within the jurisdiction of this court, though the matter in controversy is less in amount than $500.
2. Municipal Corporations—*Taxation.*—Where, at the time of his death, the domicile of testator was beyond the corporate limits of a city, bonds belonging to his estate are not assessable and taxable by said city, though at the time the assessment and levy was made his executors resided within said city.

Error to judgment of hustings court of city of Staunton, rendered October 9, 1888, in a proceeding to correct an alleged erroneous entry in the personal property book of the commissioner of the revenue for said city, wherein J. R. Stout, J. W. Stout and J. M. Quarles, executors of James M. Stout, deceased, were plaintiffs, and the said city of Staunton defendant. The judgment being for the correction of said entry, the defendant excepted, and brought the case here upon writ of error.

*A. C. Braxton,* for the plaintiff in error.

*J. M. Quarles,* for the defendant in error.

Lewis, P., delivered the opinion of the court.

The principal question in this case is, whether certain bonds belonging to the estate of James M. Stout, deceased, whose residence or domicile at the time of his death was in Middle River district, in Augusta county, outside of the city of Staunton, are taxable by the city. The bonds in question, valued at $7,360, were assessed with city taxes, amounting to $92, for the year 1888, of which assessment the executors complained, and, upon their application, the court below, under the provisions of section 571 of the Code, exonerated the estate by the order complained of.

We are of opinion that the order is right. The fact that the executors resided in Staunton when the assessment was made does not affect the case. There being no statute in Virginia to the contrary, the *situs* of the property is at the last domicile of the testator, and there it is taxable, and not elsewhere. Burroughs, Taxation, 224; Cooley, Taxation, 270; 1 Desty, Taxation, sec. 68, p. 333.

It need only be added that the objection to the jurisdiction of this court by the executors, the defendants in error, is not well taken. A franchise—that is, the right of the city to tax the bonds—is drawn in question, and that gives us jurisdiction of the case, although the matter in controversy is less in amount than five hundred dollars. Const., art. VI., sec. 2; Code, sec. 3455.

The judgment must, therefore, be affirmed.

Judgment affirmed.